IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Melvin Robinson,                              :
                                              :
           Plaintiff,                         :
                                              :
     v.                                       :   CIVIL ACTION NO.
                                              :   1:09-cv-01509-JOF
Correctional Medical Associates, Inc.,        :
et al.,                                       :
                                              :
           Defendants.                        :

**OPINION & ORDER**

This matter is before the court on Defendant Correctional Medical Associates, Inc.'s emergency motion to quash [90] and Defendant Correctional Medical Associates, Inc.'s motion to quash [95].

Plaintiff has served two deposition subpoenas on Sandra Baccus, the President of Defendant Correctional Medical Associates. One subpoena was served on April 13, 2010 and the second on May 3, 2010. *See* Docket Entries [90-2] and [93]. One of these subpoenas was to Ms. Baccus in her corporate capacity, and the other purports to be in her individual capacity.

Plaintiff has already served a Rule 30(b)(6) deposition notice on Defendant Correctional Medical Associates. In response to that notice, Tania Lynch, Director of

Quality Programs & Accreditation, and Sandra Wayland, Executive Vice President and Chief Operating Officer, both have testified. Plaintiff contends, however, that it is further necessary to obtain the testimony of Ms. Baccus because she is the signatory to the contract between Correctional Medical Associates and Fulton County. Plaintiff avers that while some deponents have testified that certain policies adopted as a result of that contract are "mandatory," Ms. Lynch, at least, testified that these policies were not "mandatory," but rather were "guidelines."

The court has reviewed the parties' briefings, as well as the portions of the depositions cited by Plaintiff, but it remains unclear as to what information Plaintiff seeks from Ms. Baccus. It appears to the court that what Plaintiff wants to know is what the contract says. The interpretation of the contract, however, is a matter for the court. The court does not believe it has the contractual documents before it. Plaintiff's response refers to deposition testimony from Defendant Freeman discussing the provisions of the contract at Bates No. FC0006, but Exhibit C to Plaintiff's response which purports to be the contract between CMA and Fulton County begins at Bates No. FC0092. In any event, Ms. Baccus can have no relevant information on the meaning of the terms of the contract as that is a matter for the court.

To the extent Plaintiff's purpose in seeking to depose Ms. Baccus is to establish what policies can be considered the policies of Fulton County, the court notes that the mere fact

that treatment protocols appear to exist does not mean that Fulton County was aware of the content of those treatment protocols or approved of the policies.

For these reasons, the court finds that Plaintiff has not demonstrated that Ms. Baccus has relevant information and the court GRANTS Defendant Correctional Medical Associates, Inc.'s emergency motion to quash [90] and GRANTS Defendant Correctional Medical Associates, Inc.'s motion to quash [95].

**IT IS SO ORDERED** this 11th day of May 2010.

/s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)