## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Melvin Robinson,                          :
                                          :
              Plaintiff,                  :
                                          :
         v.                            :        CIVIL ACTION NO.
                                          :        1:09-cv-01509-JOF
Correctional Medical Associates, Inc.,    :
et al.,                                   :
                                          :
              Defendants.                 :

## OPINION & ORDER

      This matter is before the court on Defendants' motion to dismiss or in the alternative

motion for summary judgment [38]; Plaintiff's motion to defer ruling on Defendants' motion

to dismiss or for summary judgment [42]; Defendants' proposed motion to stay discovery

[45]; Plaintiff's amended motion to defer ruling on Defendants' motion to dismiss or for

summary judgment [48]; Plaintiff's motion for summary judgment [51]; Defendants' motion

for leave to file response to Plaintiff's statement of additional facts and supplemental brief

[55]; Plaintiff's motion for leave to file amended complaint [56]; Plaintiff's motion to strike

Defendants' motion for summary judgment [61]; Plaintiff's motion to strike [63]; and

Plaintiff's motion for attorney's fees [74].

## I.      Background

On April 14, 2009, Plaintiff, Melvin Robinson, filed the instant action against Defendants Correctional Medical Associates, various medical providers,[1] and Myron Freeman, contending Defendants were deliberately indifferent to his diabetic medical condition while he was housed at Fulton County Jail and that Defendants are liable for medical malpractice under state law.  Plaintiff originally filed his complaint in the Superior Court of Fulton County.  Defendants removed the suit to this court on June 5, 2009.  Defendant Freeman is represented by different counsel than the medical personnel at the jail and their employer Correctional Medical Associates.  To date, Defendant Freeman has not filed a motion to dismiss or a motion for summary judgment.

## II.     Discussion

### A.      Preliminary Matters

It is clear to the court that for whatever reason, counsel in this matter have not been able to act cooperatively to further judicial efficiency.  The court does not believe it useful at this stage to get down in the details to sort out the problems that have arisen.  The court does note, however, that it always stands ready to assist the parties and it might have been to the benefit of all parties to have requested a scheduling conference in this case.  There are

---

[1]Plaintiff specifically names Cecelia O. Babalola, M.D.; Valerie Bolton (now Valerie Uchegbu); Carla Spells, a nurse; and Olivia Mgbeokwere, a nurse practitioner in the Urgent Care Clinic.

2

certainly some cases in which it serves economy to rule on a motion to dismiss before proceeding in further, and at times, expensive discovery.

Rather than setting out a plan in this direction in advance, however, the parties skipped ahead to filing motions for summary judgment, motions to strike, and motions for attorney's fees. This motions practice has unnecessarily confused the state of the record, clogged the docket, and has not resulted in any benefit to the court or the parties. In the remainder of this order, the court strives to sort out the difficulties and put the parties back on a course designed to reach ruling on the merits of dispositive motions, and if necessary, trial. The court suggests that the parties now focus their attentions on the merits of this litigation and cease playing "gotcha" litigation.

### B.    Motion to Dismiss

In his complaint, Plaintiff alleges that he is an insulin-dependent diabetic who was placed in custody in the Fulton County Jail pursuant to a material witness warrant. *See* Cmplt., ¶¶ 1, 3, 49-61. During intake, Plaintiff informed medical professionals at the jail of his diabetes and necessary treatment. *Id.*, ¶ 4. Plaintiff specifically indicated that he needed to take insulin and Glucovance and that any deviation from this medication would result in life threatening consequences. *Id.*, ¶¶ 66, 68. The medical professionals, however, did not give him the proper medication. *Id.*, ¶ 5. Instead, Plaintiff was prescribed Glucophage. *Id.*, ¶ 81. The failure resulted in Plaintiff's blood sugar levels rising to three

times the normal level, eventually leading to diabetic ketoacidosis and emergency hospitalization. *Id.*, ¶¶ 6, 86-88. Despite repeated high levels of blood sugar, Defendants did not give Plaintiff the medication he had previously taken. *Id.*, ¶¶ 90-110. After four days in the jail, Plaintiff had lost 20 pounds and he was hospitalized due to his high blood sugar levels. *Id.*, ¶¶ 112-17.

Because Plaintiff's suit was originally filed in the Superior Court of Fulton County, Plaintiff attached to his complaint the affidavit of Gladstone Sellers, M.D., as required by O.C.G.A. § 9-11-9.1. Plaintiff averred that Dr. Sellers is "competent to testify as to the standard of care required of Defendants" and he identified "at least one negligent act or omission on the part of Defendants." *Id.*, ¶ 37.

Plaintiff alleges causes of action under negligence (O.C.G.A. § 51-1-13) against each of the medical professionals and vicarious liability against their employer, Correctional Medical Associates. Plaintiff further alleges that Defendant Freeman failed to provide proper medical care in violation of O.C.G.A. §§ 42-4-4 and 51-2-5. Finally, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff asserts that all Defendants were deliberately indifferent to his medical needs in violation of his constitutional rights. Plaintiff seeks attorney's fees under O.C.G.A. § 13-6-11 and damages.

On a motion to dismiss, the court must accept the facts alleged in the complaint as true. However, a complaint may be dismissed if the facts as pled do not state a claim for

4

relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003), the court considered the claim of a prisoner who alleged that prison dental staff violated his Eighth Amendment rights under the U.S. Constitution by delaying eighteen months in providing him with dentures.[2] The court noted that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[] constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Id.* at 1243 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  However, the "inadvertent or negligent failure to provide adequate medical care

---

[2]Although a pretrial detainee's rights flow from the Fourteenth Amendment, the standard for deliberate indifference to medical needs is the same as set forth in cases analyzing a convicted prisoner's claims under the Eighth Amendment.  *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).

5

cannot be said to constitute an unnecessary and wanton infliction of pain."  *Id*.; *see also*

*Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation

merely because the victim is a prisoner."); *McElligott v. Foley* 182 F.2d 1248, 1255 (11th

Cir. 1999) (not every claim of inadequate medical treatment states a violation of the Eighth

Amendment).

> To show that a prison official acted with deliberate indifference to serious
> medical needs, a plaintiff must satisfy both an objective and a subjective
> inquiry. . . . First, a plaintiff must set forth evidence of an objectively serious
> medical need. . . . Second, a plaintiff must prove that the prison official acted
> with an attitude of "deliberate indifference" to that serious medical need.

*Farrow*, 320 F.3d at 1243.  A "serious medical need is considered one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention."  *Id.* (quotation and

citation omitted).  The medical need "must be one that, if left unattended, poses a substantial

risk of serious harm."  *Id.*  Deliberate indifference has "three components:  (1) subjective

knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is

more than mere negligence."  *Id.* at 1245-46 (quotation and citation omitted).

Delay in providing access to medical care can constitute an Eighth Amendment

violation when the delay is an "unnecessary and wanton infliction of pain."  *Hill v. DeKalb*

*Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir. 1994) (citation omitted),

*abrogated on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002).  Plaintiff must show

harmful effects of the delay in treatment in order to establish deliberate indifference. *Id.* at 1187-88.

Defendants concede that diabetes is a serious medical need.  Defendants argue, however, that even under the facts alleged in Plaintiff's complaint, they were not deliberately indifferent because Plaintiff received some kind of medication, just allegedly not the right kind.  At the motion to dismiss stage, the court finds that Plaintiff sufficiently pled a claim for deliberate indifference to medical needs.  Plaintiff alleges that he specifically told medical personnel at the jail that he required a particular type of medication and that he would become seriously ill if he did not receive this medication.  Further, Plaintiff states that upon receiving the improper medication, his condition deteriorated enough that he required hospitalization.  While it is true that mere disagreements about medical treatment are not actionable under § 1983, it is not clear to the court from the face of Plaintiff's complaint that this was simply a disagreement about selection of medication. Plaintiff alleges that the treatment he received at the jail led to his hospitalization.  At the motion to dismiss stage, the court finds this is sufficient.

Defendants assert that Plaintiff's state law medical malpractice claim should be dismissed for failure to state a claim because the affidavit of Dr. Gladstone Sellers is not sufficient to satisfy the filing requirements of O.C.G.A. § 9-11-9.1 and § 24-9-67.1. Defendants argue that Dr. Sellers has no experience or background in the treatment of

7

diabetes patients in correctional institutions and, therefore, his affidavit cannot satisfy O.C.G.A. § 9-11-9.1.

Plaintiff responds that because Defendant Freeman admitted in his answer that Dr. Sellers was qualified to testify as to the standard of care, the court should reject the argument of the medical Defendants that Dr. Sellers' affidavit does not satisfy O.C.G.A. § 9-11-9.1.  Without need for any further discussion, the court can quickly put to rest the notion that Defendant Freeman's "admission" concerning Dr. Sellers would have any ability to bind the medical Defendants or this court.  Whether Dr. Sellers' affidavit is sufficient is a question of law on which only the court can speak.

Furthermore, before the court considers whether Dr. Sellers' affidavit satisfies O.C.G.A. § 9-11-9.1, the court must determine whether O.C.G.A. § 9-11-9.1 even applies in federal court.  The *Erie* doctrine requires federal courts to apply the substantive law of a state when deciding substantive state law claims and federal law with regard to procedural matters.  *See Burlington N.R.R. v. Woods*, 480 U.S. 1 (1987); *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980); *Hanna v. Plumer*, 380 U.S. 460 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  To distinguish substantive from procedural statutes, the Supreme Court has articulated a two-step test.  Initially, a court must determine whether the state statute in question is in "direct collision" with any Federal Rule of Civil Procedure.  *Hanna*, 380 U.S. at 472.  A direct collision between a state statute and a federal rule occurs when the Federal

8

Rule by itself is "sufficiently broad to control the issue," *Walker*, 446 U.S. at 750, or where the purposes of the Federal Rule and state statute are "sufficiently coextensive" to preclude the application of the state law, *Woods*, 480 U.S. at 7. When conducting this analysis, courts must not construe Federal Rules narrowly to avoid a direct conflict but rather must give the rules their plain meaning. *Walker*, 446 U.S. at 750.

If a direct conflict exists, then the Federal Rule controls unless it is found unconstitutional or found to modify, enlarge, or abridge any substantive rights under the Rules Enabling Act, 28 U.S.C. § 2072. The Federal Rules of Civil Procedure are granted presumptive validity under this test and never have been found to violate this provision of the Supreme Court's test, either collectively or independently. *See Hanna*, 380 U.S. at 472-74. Where no direct conflict exists, the state statute controls only if failure to apply it will thwart the "twin aims" of *Erie* by promoting forum shopping or unfairly discriminating against residents of the forum state. *See Hanna*, 380 U.S. at 468.

Under *Hanna*, the court finds that the affidavit requirement of O.C.G.A. § 9-11-9.1 is contrary to the Federal Rules of Civil Procedure and does not apply in this case. Section 9-11-9.1 is procedural. Further, it also applies a heightened pleading requirement on plaintiffs in a medical malpractice tort action, such that it conflicts with Federal Rule of Civil Procedure 8(a) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) is constitutional and falls within the scope

of the Rules Enabling Act. *See Carter v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986) (holding that under *Hanna* federal court should follow Rule 8(a) rather than state's strict pleading requirements). *See also Denton v. United States*, 2006 WL 358273, at *2-3 (N.D. Ga. 2006 (Vining, J.); *Lawton v. Cohen*, Civil Action No. 4:05-CV-158 (N.D. Ga. 2005 (Murphy, J.) (medical authorization forms required by O.C.G.A. § 9-11-9.2 are procedural requirements in conflict with Rule 8(a)); *Baird v. Celis*, 41 F. Supp. 2d 1358, 1362 (N.D. Ga. 1999) (Camp, J.) (holding that affidavit requirement of O.C.G.A. § 9-11-9.1 in medical malpractice actions does not apply to case brought in federal court); *Boone v. Knight*, 131 F.R.D. 609, 611-12 (S.D. Ga. 1990) (same); *McGlamery v. Bruttomesso*, Civil Action No. 1:88-CV-787 (N.D. Ga. 1989) (Freeman, J.) (same).  For the foregoing reasons, the court will not apply the affidavit requirement of O.C.G.A. § 9-11-9.1.

The court notes that, unlike either *Baird* or *Boone*, the instant case was not originally brought in federal court. This distinction, however, has no bearing on the court's analysis. As demonstrated, the Federal Rules require nothing more than a short and plain statement of Plaintiff's claims, and the Federal Rules clearly apply to cases that, although initially filed in state court, have been removed to federal court. *See* Fed. R. Civ. P. 81(c); *see Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997) (finding that federal court could not impose heightened pleading requirement unless found in Federal Rules, even where case

10

was removed from state court and state law imposed heightened standard). For these reasons, the court DENIES Defendants' motion to dismiss [38].

### C.  Motions for Summary Judgment

Having determined that Plaintiff's complaint survives Defendants' motion to dismiss, the court turns to Defendants' motion for summary judgment. After taking the depositions of Plaintiff and Dr. Gladstone Sellers, and submitting affidavits by the medical defendants, Defendants filed a motion for summary judgment arguing again that Dr. Sellers testified he was only familiar with the standard of care for the treatment of diabetes but had no experience in a correctional institution and does not consider himself an expert in that setting. Therefore, Dr. Sellers' affidavit could not satisfy the pleading requirements of O.C.G.A. § 9-11-9.1. Defendants conclude, therefore, that Plaintiff will not be able to show they acted below the standard of care.

Plaintiff responded by first filing a motion for a continuance pursuant to Rule 56(f) and then by filing his own motion for summary judgment. "As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989). The district court is not, however, required to await completion of discovery before ruling on a motion for summary judgment. *See Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.3d 1313, 1316 (11th Cir. 1990). Concerning this

11

balance, the Eleventh Circuit has said, "it would be inappropriate to limit summary judgment to cases where discovery is complete in light of the valuable role served by summary judgment and the commitment of discovery issues to the sound discretion of the trial judge." *Id.* (quoting *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 528 (11th Cir. 1983).

Rule 56(f) allows a party who "has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace*, 703 F.2d at 527. Although the Eleventh Circuit has stated on numerous occasions that Rule 56(f) is "infused with a spirit of liberality," *see, e.g.*, *Reflectone*, 862 F.2d at 844, the party seeking the continuance clearly cannot rest upon "vague assertions that additional discovery will produce needed, but unspecified, facts." *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980). A party requesting a Rule 56(f) continuance is required to "present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989).

Plaintiff's first motion for a continuance failed to attach the affidavit required under Rule 56(f). After Defendants pointed out this omission, Plaintiff filed an amended motion for a continuance in which his counsel avers via affidavit that although he had received

12

written records concerning Plaintiff's care while in the custody of the Fulton County Jail, he had not yet been able to depose the medical personnel who provided care to Plaintiff. Plaintiff's counsel also avers that he seeks to depose these individuals as to the training they received and whether their treatment of Plaintiff is the result of deliberate indifference or of negligence. Finally, Plaintiff wishes to cross-examine Defendants as to the affidavits each submitted in conjunction with Defendants' motion for summary judgment.

The court finds most compelling Plaintiff's argument that Defendants attached their own affidavits to the motion for summary judgment and Plaintiff should at the very least have an opportunity to cross-examine Defendants on the contents of those affidavits. This is not a situation where the entirety of the evidentiary support for Defendants' motion for summary judgment is found in statements made by Plaintiff, himself, in his deposition. The court could imagine circumstances under which admissions made by a plaintiff in his deposition would be sufficient grounds upon which a court could grant a motion for summary judgment. But in support of their motion of summary judgment, Defendants also submitted affidavits from the medical personnel defendants who cared for Plaintiff. In those affidavits, the medical defendants testified that they followed the applicable protocols in their care for Plaintiff and met the applicable standard of care for particular medical personnel under similar circumstances. It would not serve the purpose of Rule 56 to force

13

Plaintiff to respond to a motion supported by Defendants' affidavits without giving Plaintiff the opportunity to test the statements made in those affidavits.[3]

Therefore, the court GRANTS Plaintiff's amended motion for a continuance [48] and DENIES AS MOOT Plaintiff's motion for a continuance [42]. The court DENIES WITH LEAVE TO RENEW Defendants' motion for summary judgment pending the completion of discovery [38]. For the same reasons, the court DENIES Defendants' proposed motion to stay discovery [45].

With regard to Plaintiff's own motion for summary judgment, the court does not agree that even taking the facts as Plaintiff construes Defendants' allegations, deliberate indifference to serious medical needs is yet established. There appears to be no dispute between the parties that prior to his time in custody Plaintiff used the medication Glucovance to treat his diabetes. While in custody at the Fulton County Jail, Plaintiff was treated with Glucophage and insulin. There remains much, however, that is not clear from the record beyond this.

_____

[3]Because the court has already determined that it will not rule on Defendants' motion for summary judgment at this time, the court need not rule on Plaintiff's motion to strike the affidavits of Spells, Mgbeokwere, Uchegbu, and Babalola filed in support of Defendants' motion for summary judgment. Plaintiff complained that the court should not consider these affidavits because Defendants have not cooperated with Plaintiff in arranging to have these Defendants deposed and Defendants filed a motion to stay discovery until the court ruled on Defendants' motion for summary judgment and/or motion to dismiss. The court DENIES AS MOOT Plaintiff's motion to strike Defendants' motion for summary judgment [61].

14

Defendants essentially argue that Plaintiff cannot succeed on his deliberate indifference claim because he received some treatment at Fulton County Jail and he was sent to the hospital when more serious issues arose. Defendants contend that the provision of insulin and Glucophage instead of Glucovance was simply a disagreement as to proper course of treatment and, therefore, not actionable under constitutional law. Plaintiff responds that Defendants' argument would result in a holding that if medical personnel transfused an individual in custody with type A blood although knowing the individual required type B blood, there would be no constitutional liability because the individual was at least provided with a blood transfusion.

Because discovery has not been completed, there is no evidence in the record on issues such as whether the substitution of these different medications caused Plaintiff to suffer diabetic ketoacidosis, whether medical professionals knew or should have known that the substitution of medication would likely lead to the onset of ketoacidosis, or whether Plaintiff suffered severe or permanent injuries. These issues, and potentially others, will impact the court's analysis of the constitutional and medical malpractice issues. Neither Defendants nor Plaintiff have proven their case at this stage in the litigation and for these reasons, the court DENIES WITH LEAVE TO RENEW Plaintiff's motion for summary judgment [51].[4]

_____

[4]In conjunction with his motion for summary judgment, Plaintiff submitted the affidavit of LaTanya Young, Plaintiff's sister and a licensed physician's assistant.

The court notes that Defendant Freeman filed a brief in opposition to Plaintiff's motion for summary judgment. In that motion, Defendant Freeman specifically stated that he has not yet filed a motion for summary judgment, but intended to do so at some later point. In the course of his brief, however, Defendant Freeman made many arguments that sounded like he was moving for summary judgment. For example, he argues that "Plaintiff's Claim Against Defendant Freeman for failure to provide medical care must fail as a matter of law." *See* Response, at 5. And "Plaintiff's claim against Defendant Freeman for deliberate indifference to medical needs must fail as a matter of law." *Id.* at 6. Because Defendant Freeman has not yet filed a motion for summary judgment, the court need not consider these arguments any further at this stage.

During the briefing on Defendants' motion for summary judgment, Plaintiff filed a response which included a statement of material disputed facts. In their reply brief, Defendants failed to respond to Plaintiff's statement of facts. Additionally, in their response to Plaintiff's motion for summary judgment, Defendants filed a response to Plaintiff's statement of material undisputed facts, but did not provide citations for their responses. Plaintiff asserts that all of these statements are now deemed admitted or not adequately controverted. Plaintiff is correct as to the proper procedure under Rule 56, but the court

---

Defendants filed a proposed notice to strike Ms. Young's affidavit [46]. Because the court rules that discovery should be completed before ruling on dispositive motions, the court need not address at this time any alleged deficiencies in Ms. Young's affidavit.

16

does not intend to allow the parties to use procedural fencing to avoid a ruling on the merits, particularly, here, where the litigation at this point stands in a truncated posture and the court has determined that it will not rule on summary judgment motions until discovery is completed.  The court GRANTS Defendants' motion for leave to file response to Plaintiff's statement of additional facts and supplemental brief [55].

### D.  Motion to Amend Complaint

On December 17, 2009, Plaintiff filed a motion to amend his complaint to add a claim under 42 U.S.C. § 1983 for a "policy or custom which inflicts" injury.  Plaintiff's motion adds only this particular claim and not any additional Defendants.  Defendants do not respond to Plaintiff's motion to amend complaint and the court deems it unopposed.  *See* Local Rule 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion.").  Recognizing the liberal amendment policy of Rule 15, the court GRANTS Plaintiff's motion for leave to file amended complaint [56].

### E.  Plaintiff's Motion to Strike Response

On December 30, 2009, Plaintiff filed a motion to strike Defendant Myron Freeman's response to Plaintiff's opposition to Defendants' motion to stay discovery or in the alternative Defendant Freeman's opposition to Plaintiff's motion for summary judgment. Plaintiff appears to argue that because Defendant Freeman did not comply with Local Rule 56.1(b)(2) in opposing Plaintiff's motion for summary judgment, his response should be

17

struck.  Plaintiff claims that Defendant Freeman failed to comply with this rule because in response to certain statements of Plaintiff, Defendant Freeman simply avers that the fact is not material and does not include citations to record evidence in his response.  Of course, Defendant Freeman's position that certain statements in Plaintiff's material facts are ***not*** material is itself not a fact and, therefore, cannot be supported by citation to the record. Further, as the court has determined that it will not rule on the parties' motions for summary judgment at this time, the court DENIES AS MOOT Plaintiff's motion to strike Defendant Myron Freeman's response to Plaintiff's opposition to Defendants' motion to stay discovery or in the alternative Defendant Freeman's opposition to Plaintiff's motion for summary judgment [63].

### F.        Motion for Attorney's Fees

The medical Defendants filed a motion for a protective order concerning the Rule 30(b)(6) deposition of Correctional Medical Associates.  In an order dated February 19, 2010, the court granted in substantial part that motion.  Prior to the court's ruling, Plaintiff filed a motion for attorney's fees in conjunction with its opposition to Defendants' motion for a protective order.  Because the court granted in substantial part Defendants' motion, the court DENIES Plaintiff's motion for attorney's fees [74].

### III.    Conclusion

18

The court DENIES Defendants' motion to dismiss or in the alternative motion for summary judgment [38]; DENIES AS MOOT Plaintiff's motion to defer ruling on Defendants' motion to dismiss or for summary judgment [42]; DENIES Defendants' proposed motion to stay discovery [45]; GRANTS Plaintiff's amended motion to defer ruling on Defendants' motion to dismiss or for summary judgment [48]; DENIES WITH LEAVE TO RENEW Plaintiff's motion for summary judgment [51]; GRANTS Defendants' motion for leave to file response to Plaintiff's statement of additional facts and supplemental brief [55]; GRANTS Plaintiff's motion for leave to file amended complaint [56]; DENIES Plaintiff's motion to strike Defendants' motion for summary judgment [61]; DENIES AS MOOT Plaintiff's motion to strike [63]; and DENIES Plaintiff's motion for attorney's fees [74].

19

**IT IS SO ORDERED** this 15th day of June 2010.


<u>      /s   J. Owen Forrester      </u>
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)